IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-304 |
| BRIAN DOREIAN | : | |

**GOVERNMENT'S GUILTY PLEA MEMORANDUM**

The United States of America, by Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and MaryTeresa B. Soltis, Assistant United States Attorney, hereby submits this Memorandum of Guilty Plea in anticipation of the plea hearing scheduled for September 11, 2024, at 1:30 p.m. for defendant Brian Doreian (hereinafter, "defendant" or "Doreian") and informs the Court as follows.

I.  **INTRODUCTION**

The defendant and the government have entered into a plea agreement, a copy of which is attached hereto. Pursuant to that agreement, the defendant agrees to plead guilty to Counts One and Two of an information, waiving prosecution by indictment, charging him with filing false tax returns, in violation of 26 U.S.C. § 7206(1), arising from his failure to report as income the capital gains earned on his cryptocurrency investments as set forth in the information.

II. **ESSENTIAL ELEMENTS OF THE OFFENSES**

**Filing and Subscribing to False Tax Returns - 26 U.S.C. § 7206(1)**
**(Counts 1 and 2)**

To establish a violation of 26 U.S.C. § 7206(1), the government must prove the following elements beyond a reasonable doubt:

    1.    The defendant made and subscribed a return, statement or other document;

    2.    The return, statement, or other document contained a written declaration

       that it was made under the penalties of perjury;

3. The return was false regarding a material matter;

4. The defendant did not believe the return, statement or other document to be true and correct as to that material matter; and

5. The defendant acted willfully.

*See* Third Circuit Model Jury Instructions 6.26.7206.

### III. <u>MAXIMUM PENALTIES</u>

The statutory maximum sentence for each violation of 26 U.S.C. § 7206(1) is three years' imprisonment, a one-year period of supervised release, a 250,000 fine, and a $100 special assessment.

**Total Maximum Sentence (2 counts):** six years' imprisonment, a one-year period of supervised release, a $500,000 fine, and a $200 special assessment. Full restitution of at least $409,928 also may be ordered.

### IV. <u>FACTUAL BASIS</u>

At trial, the government would introduce witness testimony and evidence to show that on or about August 28, 2018, Mr. Doreian willfully signed and had filed with the Internal Revenue Service, a false United States individual income tax return, Form 1040 along with the accompanying forms, for the tax year 2017. That Form 1040 reported (i) certain long-term capital gains and losses of -$111 (Schedule D, line 8b); (ii) net long-term capital gain or loss of -$111 (Schedule D, line 15); and (iii) capital gain or loss of -$111 (Form 1040, line 13), when, as defendant Doreian knew, he had omitted approximately $500,320 in capital gain from investments in cryptocurrency and his capital gain was substantially greater than the amount he reported.

On or about October 16, 2019, Mr. Doreian willfully signed and had filed with the

Internal Revenue Service a false United States individual income tax return, Form 1040 along with the accompanying forms, for the tax year 2018. That Form 1040 reported (i) net long-term capital gain or loss of -$111 (Schedule D, line 15); (ii) capital gain or loss of -$111 (Schedule 1, line 13); and (iii) total income of $5,923 (Form 1040, line 6), when, as defendant Doreian knew, he had omitted approximately $857,612 in capital gain from investments in cryptocurrency and his capital gain and total income were substantially greater than the amounts he reported.

More specifically, between 2017 and 2018, Mr. Doreian made over 500 cryptocurrency purchases, sales, and exchanges. During tax year 2017, he conducted 228 cryptocurrency transactions, at times making as many as 40 to 60 transactions in a single month. During 2018, Mr. Doreian made as many as 30 to 50 transactions in a single month.

Mr. Doreian invested approximately $10,000 in PIVX, a cryptocurrency. The value of his investment sored, leading him to sell hundreds of thousands of dollars of his investment in 2017 and 2018, first by converting the amounts to Bitcoin, then selling those amounts through Coinbase, depositing the proceeds into his bank account, and living off the gains generated.

Mr. Doreian, however, did not disclose his cryptocurrency gains (of over $7,000,000 in 2017) to his accountant. His accountant would testify that he specifically inquired about his PIVX activities and whether Mr. Doreian received any income from these investments. Mr. Doreian denied receiving any income from PIVX activities, or any cryptocurrency transactions in 2017. The accountant would also testify that he provided Doreian with a copy of the returns to review before signing and authorizing their filing.

Doreian attached a Form 8849 and a Schedule D to each tax return. These reported, respectively, the sale of capital assets and the amount of capital gains resulting from the sales. Doreian reported losses from the sale of certain stocks, but he omitted the profits from the sale of

any cryptocurrency. As a result, he understated his sale of capital assets and capital gains by hundreds of thousands of dollars each tax year.

The government would introduce records demonstrating that Mr. Doreian electronically signed both tax returns. He admitted to agents that he authorized his accountant to file the returns on his behalf. Both tax returns at issue were signed and verified by a written declaration that they were made under the penalty of perjury.

This memorandum sets forth only the essential facts that would need to be proven to establish the elements of the offenses charged.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


 /s MaryTeresa Soltis
MARYTERESA SOLTIS
Assistant United States Attorney

Dated: August 27, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the government's Plea Memorandum has been served on this date by electronic mail upon:

David Glassman, Esquire

       /s MaryTeresa Soltis
       MARYTERESA SOLTIS
       Assistant United States Attorney

DATE: August 27, 2024