IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
          v.                    :
                                :
BRYAN DOREIAN                   :        NO. 24-304


MEMORANDUM

Bartle, J.                                    January 22, 2025

          Defendant Bryan Doreian pleaded guilty pursuant to a

signed Guilty Plea Agreement to two counts of making and

subscribing a false tax return in violation of 26 U.S.C.

§ 7206(i).  The court sentenced him to two concurrent one-year

sentences and fined him $7,500.  He is scheduled to self-

surrender on January 30, 2025.  While defendant waived his right

to appeal in his Guilty Plea Agreement, he nevertheless filed a

notice of appeal on December 26, 2024 (Doc. # 23).[1]  Before the

court is defendant's motion for stay of execution of sentence

pending appeal or in the alternative motion for release pending

appeal (Doc. # 25).  The Government opposes the motion.

I

          It is undisputed that defendant willfully signed and

filed false income tax returns with the Internal Revenue Service

in 2018 for the tax year 2017 and in 2019 for the tax year 2018.

---

1.  The Guilty Plea Agreement contains certain exceptions to
the waiver of his right to appeal.  See Guilty Plea Agreement,
at ¶ 14.  He mentions none of them here.

His return for the tax year 2017 reported a long-term capital loss of $111 when he knowingly omitted that he had a long-term capital gain from investments in cryptocurrency of $500,320. His return for 2018 showed a capital loss of $111 and total income of $5,923 when he knowingly omitted a long-term capital gain of $857,621, again from investments in cryptocurrency.  The record shows that defendant made over 500 purchases, sales, and exchanges of cryptocurrency during the relevant time periods. As of the time of sentencing, he had made full restitution to the Government in the amount of $409,928.

Defendant did not reveal his capital gains to his accountant despite specific inquiries from the accountant as to whether he had received any such income.  Defendant reviewed the returns before signing them and authorizing their filing.  Both returns were signed under penalty of perjury.

A conviction under 26 U.S.C. § 7206(1) carries a penalty of up to 3 years in prison on each count.  Thus defendant faced a maximum sentence of 6 years.  Under the Sentencing Guidelines, defendant's offense level was 13, and he fit into Criminal History Category I as he has no criminal history points.  The sentencing table called for a sentence for defendant of between 12 and 18 months.  He received a sentence of 12 months at the bottom of the range.

II

Defendant not only does not dispute the facts of his case but also concedes that his sentence is within the applicable guideline range.  He argues, however, that his sentence runs afoul of 18 U.S.C. § 3553(a)(1)-(7), which sets forth factors which the court must consider in determining a sentence after calculating the advisory sentencing guideline penalty.  Specifically, he maintains that the court, while considering his history and characteristics under § 3553(a)(1), put "undue emphasis" on his academic misconduct which occurred in between 2009 and 2011.  He also faults the court for not imposing a lower sentence because of his wife's ailing physical health.  According to defendant, she suffers from Lyme's Disease, mold toxicity, chronic inflammatory response syndrome, and post-concussion syndrome.  He purportedly spends "a large portion of his day" as the sole caregiver of his wife and children.

In addition, he complains that the court did not adequately weigh his full payment of restitution, his cooperation with the Government from day one, and his many years of charitable work.  He further argues that his sentence should have been reduced because there was no need to consider specific deterrence against future crimes.  Finally, he submits that the court erred under § 3553(a)(6) in not avoiding "unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Defendant, age 41, has a Doctor of Philosophy degree in physiology and biophysics. He currently is self-employed and owns several businesses. He operates Wysebridge Patent Bar Review, an online education program for aspiring patent practicioners. He and his wife own a management consulting company which oversees the family finances and farm. In addition, he is the "chief developer" of SDG Import Fund, a non-profit charity based out of Georgia.

The court rejects defendant's picture of his sentencing. First, the court deemed the admitted facts of his tax evasion over a two year period to be extremely serious. The amount of loss to the Government was over $400,000. He is a highly educated and financially sophisticated individual who knowingly cheated the Government and lied not only to his accountant but also committed perjury when he signed his false returns. Deliberate failure to pay taxes undermines the fabric of any civilized society and puts an added and unfair burden on law-abiding taxpayers. A sentence of one year is not only consistent with the applicable guidelines but also highly justified under the circumstances.

The guideline range took into consideration his cooperation. He received a two level downward departure for

acceptance of responsibility and one additional level by "timely notifying authorities of his intention to enter a plea of guilty."  See § 3E1.1(b), U.S. Sent'g Guidelines.

Section 3553(a)(7) requires the court to consider the need for restitution.  It does not say that prompt payment of restitution is a mitigating factor requiring a lower sentence. The affluent should not receive a benefit unavailable to others in less favorable financial circumstances.

The court did raise the subject of his academic misconduct at the sentencing hearing.  It did so because of certain statements he made to the probation officer for use in the presentence investigation report ("PSI") and because of what he said in his sentencing memorandum.  Both documents, which were prepared for the court's review, provided a glowing but misleading portrayal of his academic achievements.  The defendant, of course, hoped the court would look favorably on him as a result.  Paragraph 62 of the PSI stated:

> The defendant received his Doctor of
> Philosophy degree in physiology and
> biophysics from Case Western Reserve
> University in Cleveland, Ohio, on August 7,
> 2009.  His thesis/dissertation was entitled
> "Molecular Regulation of the Exocytic Mode
> in Adrenal Chroomaffin Cells."  He completed
> 67 credits and earned a 3.375 grade point
> average.  On April 20, 2010, he received a
> Doctoral Excellence Award in Physiology and
> Biophysics, The School of Medicine Honors,
> in recognition of outstanding research
> scholarship in biomedical sciences.

His sentencing memorandum at page 4 stated in the same vein in reference to his Ph.D. degree: "His research was well-received and in 2010 he was awarded a commendation for his doctoral work from the School of Medicine at Case Western."

It turned out, based on the Government's investigation, that defendant was discovered to have over-reported sample sizes and fabricated data as part of his post-doctoral research between 2009 and 2011. Thereafter, in 2012 defendant submitted an application to the United States Patent and Trademark Office to register to serve as a practitioner to prosecute patent applications. As a result of his failure to disclose his academic misconduct, the U.S. Patent and Trademark Office denied his application to practice before it in July 2013.

The defendant cannot urge the court to consider in mitigation his academic achievements and then decry the court's consideration of the Government's disclosure of the full story. The information provided by the Government simply nullified the favorable but incomplete statements of the defendant in the PSI and his sentencing memorandum.

Defendant is correct that the court found that it is highly unlikely that defendant will ever reoffend or again be caught up in the criminal justice system. Nonetheless, the court did take into account a sentence "to afford adequate

-6-

deterrence to criminal conduct" pursuant to § 3553(a)(2)(B). The focus, however, was on general deterrence, not specific deterrence. The court deemed it important to signal that evading taxes can result in serious punishment and that compliance with the Internal Revenue Code is the better path.

The court did not take lightly the illnesses of his wife and his care for his children in fashioning his sentence. It is an unfortunate consequence of many sentencings that innocent family members of a defendant will suffer if the defendant is sent to prison. Defendant stresses that he is a loving and caring husband and father. The court has no doubt that he is. But loving and caring husbands and fathers do sometimes commit crimes and sometimes jailtime is warranted. This is one of those cases. In this case, while the court was sympathetic to his family's plight, family considerations did not outweigh the need for incarceration.

Finally, the defendant complains that the court failed to consider § 3553(a)(6) which provides that the court "need(s) to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The simple answer here is that the sentence imposed was within the applicable guideline range "by which Congress has sought to ensure similar sentences for similarly situated defendants." United States v. Cole, 256 F. App'x 510, 511-12 (3d Cir. 2007).

III

Defendant first argues for stay of execution of his sentence pending appeal. He relies on Rule 38 of the Federal Rules of Criminal Procedure.[2] While the Rule allows a defendant to be released pending appeal, it does not state the grounds for the release.

Courts have inherent power to issue a stay which temporarily suspends the operation of an order or proceeding. Nken v. Holder, 556 U.S. 418, 428-29 (2000). Rule 38 gives district courts discretion to delay the commencement of a term of imprisonment pending appeal. See, e.g., United States v. Sczubeler, 402 F.3d 175, 180 (3d Cir. 2001). In In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015), a bankruptcy matter, our Court of Appeals outlined the factors which must be considered in exercising its discretion for a stay:

> (1) whether the stay applicant has made a strong showing that [he] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 568 (quoting Hilton v. Braunskill, 481 .S. 770, 776 (1987)).

---

2.    Defendant also cites Rule 8(c) of the Federal Rules of Appellate Procedure. That rule simply states that Rule 38 of the Federal Rules of Criminal Procedure governs stays of criminal actions.

-8-

All four factors are interconnected.  Id. at 571.
Nonetheless, the court must first decide if defendant has made a
sufficient showing that his chance of winning on the merits is
significantly better than negligible but less than 50% and that
he will suffer irreparable harm absent a stay.  These two
factors are the most critical with the first "arguably the more
important."  Id. at 568.  If he does not make the requisite
showing on either, it is unnecessary to consider the balance of
the harms or the public interest and the stay should be denied.
Id. at 571.

        Here the defendant has not met his burden as to the
initial factor.  The defendant pleaded guilty to two counts of
making and subscribing a false tax return with a loss of over
$400,000 to the Government.  The facts of his crimes are
undisputed.  Defendant clearly acted willfully.  The court
followed the requisite procedural steps by first calculating his
advisory guideline sentence and then considering the relevant
factors under 18 U.S.C. § 3553(a).  The sentence imposed did not
vary upward or downward but was within the calculated guideline
range.  Significantly, he waived his right to appeal.  In this
court's view, defendant's odds for success on the merits on

appeal are negligible at best.  It is thus unnecessary to
evaluate the remaining <u>Revel</u> factors.[3]

IV

The defendant in the alternative cites the Bail Reform
Act, 18 U.S.C. § 3143(b), for release pending appeal.  It
provides that the court must detain pending appeal a defendant
who has been found guilty and sentenced unless that defendant
proves:

> (A) by clear and convincing evidence that
>     the person is not likely to flee or
>     pose a danger to the safety of any
>     other person or the community if
>     released . . . ; and
> (B) that the appeal is not for the purpose
>     of delay and raises a substantial
>     question of law or fact likely to
>     result in –
>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a
>           term of imprisonment, or
>     (iv)  a reduced sentence to a term of
>           imprisonment less than the total
>           of the time already served plus
>           the expected duration of the
>           appeal process.

18 U.S.C. § 3143(b).  Our Court of Appeals has explained that
under § 3143(b) there is a presumption against bail pending
appeal. To overcome the presumption, the defendant must
establish:

---

3.    While the court need not consider the public interest
factor, the public has a strong interest in having a criminal
defendant serve his sentence without undue delay.

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." See id. at 22 (quoting H.R. Rep. No. 91-907, at 186-87 (1970)).

First, the court cannot help but infer that defendant's appeal is for purposes of delay. The court reaches this conclusion given that he has waived his right to appeal and raises no exception stated in his Guilty Plea Agreement to negate his waiver.

The only other issues here are whether the appeal raises a substantial question of law or fact and if a substantial question is decided favorably to defendant the decision is likely to result in reversal. An issue qualifies as substantial only if it is "debatable among jurists of reason."

United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).  The definition of a substantial question formulated by our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful."  Id.

Defendant pleaded guilty to two counts of making and subscribing to a false tax return under 26 U.S.C. § 7206(1).  He does not dispute that his sentence of twelve months was within and at the bottom of the applicable guideline range.

The court must impose a sentence which is sufficient but not greater than necessary after going through a three-step process.  It must first calculate the appropriate sentence under the advisory sentencing guidelines, then rule on departure motions, and finally exercise its discretion in applying the various factors enumerated in 18 U.S.C. § 3553(a).  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014).  On appeal, the Court of Appeals will determine if this court abused its discretion in imposing an unreasonable sentence.  See United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009).

Defendant pleaded guilty knowingly and voluntarily. The court has followed the steps required and imposed a reasonable sentence which was sufficient but not greater than necessary under the factors listed in § 3553(a).  It was within the guidelines.  Furthermore, his appeal is barred pursuant to

-12-

his Guilty Plea Agreement.  In this court's view, defendant has simply not raised a substantial question of law or fact.  It is highly doubtful that any jurist of reason would rule otherwise. Defendant has not overcome the presumption against bail pending appeal.

V

Accordingly, the motion of defendant for stay of execution of sentence pending appeal or in the alternative motion for release pending appeal will be denied.